UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.

GAIL CAUDLE

    Plaintiff,

vs.

ATLANTIC RESTAURANT
DEVELOPMENT, INC.
d/b/a Zaxby's

    Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Gail Caudle, by and through her undersigned counsel, hereby sues Defendant Atlantic Restaurant Development, Inc. doing business as Zaxby's for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue lies in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 1.04, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

3. Defendant Atlantic Restaurant Development, Inc. is authorized to conduct and is conducting business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Gail Caudle ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as she is disabled with CRPS in her left hip and thigh (following hip surgery) and with CRPS in her right lower leg and foot (following ankle surgery), which spasms and pain cause her to be unable to walk, as she is also unable to put any weight on her right leg or foot. Consequently, Plaintiff utilizes that wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant Atlantic Restaurant Development, Inc. ("Defendant") is a Florida for-profit corporation which owns and operates the Zaxby's fast casual restaurant franchise located at 2640 West US Highway 90, Lake City, Florida 32055, which is the subject of this action.

## FACTS

6. Defendant owns and operates the Zaxby's restaurant located at 2469 West US Hwy 90, Lake City, Florida 32055 which address also includes the Zaxby's restaurant which is the subject of this instant action.

7. Defendant's franchised Zaxby's restaurant serves food and drinks and is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2) as "[A] restaurant, bar, or other establishment serving food or drink." The Zaxby's restaurant which is the subject to this action is also referred to as "Zaxby's (restaurant)," "Zaxby's at Lake City Mall," "restaurant," or "place of public accommodation."

8. Zaxby's brand fast casual restaurants are franchised restaurants that primarily sell chicken wings, chicken fingers, sandwiches, and salads and has a signature "dipping sauce" for its chicken offerings. There are 900 Zaxby's restaurants and most are owned by independent franchisees such as Defendant (the franchisor owns approximately 123 locations).

9. As the franchise owner/operator of a Zaxby's fast casual restaurant open to the public, Defendant is a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates an establishment serving food and drinks; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

10. Due to the close proximity to Plaintiff's home to the Lake City Mall, Plaintiff has been patronizing the Zaxby's restaurant at Lake City Mall for many years.

11. Due to the fact that she perambulates with the assistance of a wheelchair, Plaintiff has met barriers to access while patronizing Zaxby's restaurant. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by Defendant.

12. On information and belief, as a franchise operator of a Zaxby's restaurant, Defendant is aware of the ADA and the need to provide for equal access in all areas of its restaurant. Therefore, Defendant's failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its restaurant is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

13. As a result of Defendant's discrimination, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

14. Plaintiff continues to desire to patronize the Zaxby's restaurant at Lake City Mall, but continues to be injured in that she continues to be discriminated against due to the barriers to access within that restaurant which are in violation of the ADA.

15. Any and all requisite notice has been provided.

16. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

17. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 32 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

18. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

19. Prior to the filing of this lawsuit, Plaintiff dined at the Zaxby's restaurant in Lake City Mall; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

20. Defendant has discriminated (and continues to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at its restaurant in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

21. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendant's restaurant.

22. Defendant is governed by the ADA and must be in compliance therewith. However, Defendant has discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

23. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

24. Defendant's Zaxby's restaurant is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and Defendant is discriminating against Plaintiff as a result of *inter alia*, the following specific violations:

i. Plaintiff had difficulty exiting her vehicle, as the designated accessible parking spaces (which are in the accessible parking area near the Zaxby's restaurant) are located on an excessive slope (which is over 2.1%). This is in violation of Section 502.4 of the 2010 ADA Standards for Accessible Design states that parking spaces shall comply with Section 302 in that changes in level are not permitted. Defendant is also in violation of Section 4.6.3 of the ADAAG which states that parking spaces shall be level with surface slopes not exceeding 1:50 (2%) in all directions.

ii. Plaintiff had difficulty exiting her vehicle and perambulating to the restaurant as the designated accessible parking space access aisles are located on an excessive slope. This is in violation of Section 4.6.3 of the ADAAG which states that states that parking space isles shall be level with surface slopes not exceeding 1:50 (2%) in all directions. This is also in violation of Section 502.4 of the 2010 ADA Standards for Accessible Design (in compliance with Section 302) which states that parking access aisles shall be at the same level as the parking spaces they serve. The failure to provide parking spaces and access isles which serve them on an accessible slope is also a failure to provide accessible means of egress from the parking area to the entrance of the Zaxby's restaurant due to the slope.

iii. Plaintiff had difficulty perambulating to the restaurant from the parking lot, as the designated accessible parking space has a curb ramp which encroaches over the designated handicapped accessible parking space access isles. The fact that the built-up curb ramp encroaches over the accessible parking space access aisles has violated Section 4.7.6 of the ADAAG and Section 406.5 of the 2010 ADA Standards for Accessible Design. Section 4.7.6 states that built-up curb ramps are permitted where they do not project into vehicular traffic lanes or access aisles at parking spaces and passenger loading zones. Section 406.5 states that curb ramps and (their) flared sides

    are to be located so that they do not project into vehicular traffic lanes, parking spaces, or parking access aisles and that curb ramps at marked crossings shall be wholly contained within the markings, excluding any flared sides.

iv. Plaintiff had difficulty perambulating to the restaurant from the parking lot as there is currently no existing accessible route to help persons with disabilities safely maneuver through the parking lot into the restaurant. This is in overall violation of Section 206.2 of the 2010 ADA Standards of Accessible Design which states that at least one accessible route must be provided from accessible parking spaces and accessible passenger loading zones as well as from public streets and sidewalks and public transportation stops to the accessible building (in this case, restaurant). This is a further violation of Section 4.7.2 of the ADAAG which states that the maximum slope of curb ramps shall not exceed 1:20, and that they comply with Section 4.8.2 and that the slope must be measured as depicted within Fig. 11, with transitions being flush and free of abrupt changes. This is also a violation of Section 406.3 of the 2010 ADA Standards which states that curb ramps (where provided) shall not have curb ramp flares steeper than 1:10. This is also a violation of 4.3.7 of the ADAAG which states that an accessible route with a running slope greater than 1:20 shall comply with Section 4.8, and the

cross slope of an accessible route shall not exceed 1:50. Likewise, this is violation of Section 403.3 of the 2010 ADA Standards which states that the running slope of walking surfaces shall not be steeper than 1:20 and the cross slope of walking surfaces shall not be steeper than 1:48.

25. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendant has been required to make its restaurant accessible to persons with disabilities since January 28, 1992 and Defendant has failed to comply with this mandate.

26. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief; including an order for Defendant to alter its Zaxby's restaurant such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Gail Caudle hereby demands judgment against Defendant Atlantic Restaurant Development, Inc. and requests the following injunctive and declaratory relief:

a) The Court declare that Defendant has violated the ADA;

b) The Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities,

*Caudle v. Atlantic Restaurant, et al*
*Complaint*

c) The Court enter an Order requiring Defendant to alter its Zaxby's Lake City Mall restaurant such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Respectfully submitted on this October 7, 2022.

By: */s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC.
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Attorney for Plaintiff*